

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-2804

Re: Whether or not a claim for clerical services to members of the Civil Practice and Procedure Committee, appointed by the Supreme Court of Texas, and a bill for stationery and supplies for such Committee, approved by the Supreme Court, but not carrying the approval of the Board of Control, is in line for a warrant in payment.

This will acknowledge receipt of your letter of date October 3, 1940, which letter is as follows:

"I am attaching claim to Roy W. McDonald, for clerical services to members of the Civil Practice and Procedure Committee appointed by the Supreme Court of Texas, and also a bill for stationery and supplies for said committee, totaling $153.02.

"This claim is drawn against a deficiency appropriation in the amount of $2,000.00 granted to the Supreme Court by the Governor as a supplement to the appropriation granted by the Regular Session of the Forty-sixth Legislature, found at page 455, Acts of the Regular Session of the Forty-sixth Legislature, and designated as item 12. The appropriation carries, in this department, appropriation number A-3.

"You will notice that this claim carries the approval of Honorable John H. Sharp, Asso-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

ciate Justice of the Supreme Court, and the approval of Honorable Richard Critz, Associate Justice of the Supreme Court. The claim appears to be regular in every respect, except it does not carry the approval of the State Board of Control for such purchases.

"I also call your attention to the rider to the appropriation bill, found on page 405, subsection b, under Section 4, of the above described Act, which reads: 'All printing and stationery shall be purchased through the Board of Control and shall be confined to such articles and quality as selected and contracted for by the Board of Control.'

"This department desires your opinion as to whether we are authorized to issue warrant in payment of this claim without it carrying the approval of the Board of Control."

Your request presents a question of first impression in this department so far as our investigation has disclosed, and one of no little importance.

We have several times written opinions upon the relative powers of the Board of Control and other departments and institutions of the State, with respect to purchasing supplies, equipment, and the like, but no case, we believe, has been presented which called for an opinion with respect to the relative rights of the Supreme Court and the Board of Control in respect to such matters.

Section 21 of Article XVI of the Constitution is as follows:

"All stationery, and printing, except proclamations and such printing as may be done at the Deaf and Dumb Asylum, paper, and fuel used in the Legislative and other departments of the government, except the Judicial Department, shall be furnished, and the printing and binding of the laws, journals, and department reports, and all other printing and binding and the repairing and furnishing the halls and rooms used for the meetings of the Legislature and its com-

mittees, shall be performed under contract,
to be given to the lowest responsible bid-
der, below such maximum price, and under
such regulations, as shall be prescribed by
law. No member or officer of any depart-
ment of the government shall be in any way
interested in such contracts; and all such
contracts shall be subject to the approval
of the Governor, Secretary of State and Comp-
troller."

Obviously, statutes upon the subject of pur-
chases by the Supreme Court have no controlling effect,
if they are in violation of any constitutional prohi-
bition. The many opinions we have written upon the
subject of the relative rights of the Board of Control
and other departments and institutions of the State --
notably Opinion No. O-550 and Opinion No. O-2612, have
construed statutes which were not in anywise contrary to
any constitutional provision.

We, therefore, look to see if Section 21 of the
Constitution above quoted applies to this case.

On the whole, the Section deals with the broad
subject of furnishing stationery, printing, paper and fuel
used in the legislative and other departments of the Govern-
ment, except the judicial department, and requires the pur-
chasing of such things from the lowest responsible bidder.
We think this provision is self-enacting and needs no en-
abling statute, save only perhaps, in regard to maximum
prices "under such regulations as shall be prescribed by
law."

This section expressly excepts from its opera-
tions, however, "the judicial department". Since the sec-
tion deals with the broad subject of purchases there named,
and since it specifically excepts therefrom the judicial
department, we construe it as conferring upon the judicial
department -- by implication but nevertheless affirmative-
ly -- the power to make such purchases as are embraced
within the section of its own will, and without reference
to competitive bidding, or action by any other department,
whether legislative or other.

From this it follows that the approval by the

Hon. Geo. H. Sheppard - Page 4

Supreme Court of purchases made by it, or under its
authority, for use of the Supreme Court in any of its
functions or activities, is all that is required to
authorize you to issue a warrant for payment out of
any public fund available for such purpose.

Whether a fund is available for such pur-
pose, however, depends upon whether or not there has
been a legislative appropriation of money for such
purpose. The superior right of the Supreme Court to
make contracts, such as we are here discussing, does
not carry with it the further right to demand or re-
ceive payment to cover such contract or purchases,
where the Legislature has not made a specific appro-
priation therefor.

The Constitution, Article VIII, Section 6,
declares:

"No money shall be drawn from the
treasury but in pursuance of specific
appropriations made by law; * * *"

Item 12 of the appropriation for the Supreme
Court, as contained in H. B. No. 257, passed by the last
Legislature (Special Laws Texas, Vol. 2, p. 458) is as
follows:

| "For expenses to be incurred by the Supreme Court in putting into effect the Rule-making Power Act, House Bill No. 108, Regular Session, Forty-sixth Legislature, including all expenses that may be incurred by the Supreme Court in appointing committees, paying the expenses of such committees, postage, printing, steno-graphic services, and any and all other expenses, including research, as may be determined by the Supreme Court; provided that if the Supreme Court shall appoint | For the years Ending August 31, 1940 | August 31, 1941 |
|---|---|---|

> any committee of attorneys
> to assist it in drawing
> such rules, the Court may
> pay the actual expenses of
> such committee, or any mem-
> ber thereof, while away
> from home, but shall not
> pay any member of such com-
> mittee, any salary or com-
> pensation for his services   $2,500.00   $2,500.00"

The rider to the Appropriation Bill (H. B. No. 257) quoted by you to the effect "all printing and station-ery shall be purchased through the Board of Control, and shall be confined to such articles and quality as select-ed and contracted for by the Board of Control," is not mandatory, but on the contrary is directory only. In other words, the word "shall" is to be construed as "may". This construction of the rider is permissible under well-established rules of statutory construction. Literalism will be ignored when to follow it will do violence to the plain intention of the Legislature. To give the rider the effect following a literal construction of the rider, would necessarily have one of two effects, that is, the rider itself would be stricken out as being repugnant to the obvious intent to make a valid appropriation, or it would fall for constitutional invalidity as being in vio-lation of Section 21, Article XVI, above quoted.

To construe the rider as being directory is a reasonable construction and renders the same a valid pro-vision. To exempt the judicial department from the con-stitutional requirement of contract for printing and stationery, as provided in Section 21 of Article XVI, does not prevent the courts from voluntarily purchasing their printing and stationery through the Board of Con-trol. Indeed, it is our information that the Supreme Court itself in many instances, and perhaps most instances, does make its purchases through the Board of Control for convenience sake, and as a matter of possible economy. The rider should be construed as authorizing the Board of Control to make such purchases and contract when and if the courts so request or agree.

The specific appropriation for the fiscal year ending August 31, 1940, has been exhausted, and, as you

50

state, the Governor has approved a deficiency claim upon the application of the Supreme Court in the sum of $2000.00, which sum was expressly for use during that fiscal year.

There is therefore no available fund for the payment of this claim, and will not be until the Legislature has made an appropriation to meet the Governor's deficiency allowance. So that, in any event, the most that can now be done is to issue the usual and ordinary deficiency warrant, payable only when and if the Legislature hereafter makes an appropriation therefor.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By                    Ocie Speer
                     Assistant

OS-MR

APPROVED NOV 6, 1940

ATTORNEY GENERAL OF TEXAS

